UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KINSALE INSURANCE COMPANY,

      Plaintiff,

v.                                  Case No:  2:25-cv-00542-JES-NPM

HARLEM TENANTS ASSOCIATION,
INC. d/b/a HARLEM GARDENS
APARTMENTS, SERVICES-TAYLOR
MADE, INC., and TAMEIKA
ADAMS, as Personal
Representative of the Estate
of JA'YHANNA JOHNSON,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Kinsale Insurance Company's ("Kinsale") Revised Motion for Final Summary Judgment and Motion for Default Judgment (Doc. #39) filed on March 17, 2026.  Defendant, Harlem Tenants Association, Inc. ("Harlem Gardens"), filed its Response in Opposition (Doc. #40) to which Kinsale filed its Reply (Doc. #43).  Also, pending before the Court is Kinsale and Services-Taylor Made, Inc.'s Joint Motion to Dismiss a Single Defendant with Prejudice(Doc. #35) to which no party filed a response in opposition.  The motions are resolved as set forth below.

**I.**

**A.   Material Undisputed Facts[1]**

On October 11, 2024, Ja'Yhanna Johnson ("Johnson") was shot and killed at the Harlem Gardens Apartments.  On April 8, 2025, Tameika Adams, as the personal representative of the estate of Ja'Yhanna Johnson ("Adams, as personal representative"), filed a wrongful death suit against Harlem Gardens and Services-Taylor Made, Inc. ("Services-Taylor").  While Harlem Gardens initially tendered its own defense to the suit brought by Adams, as personal representative, Kinsale began providing a defense on May 16, 2025, under a reservation of rights.  To date, Kinsale has spent $16,382.75 doing so.

Kinsale began providing the defense under two surplus lines commercial general liability policies (the "Policies") held by Harlem Gardens, both of which were effective from September 14, 2024, to September 14, 2025.  Both Policies contained an endorsement labeled "ABSOLUTE EXCLUSION – FIREARMS" ("Firearms Exclusion") that provided:

---

[1] Harlem Gardens failed to meaningfully respond to any remaining arguments or factual allegations, so Kinsale's statement of material facts is undisputed. See Doc. #28, p. 5 (warning parties that "any fact that the opposing counsel or party does not specifically controvert and not otherwise include[] in the Response to Statement of Disputed material Facts may also be deemed undisputed if supported by record evidence.").

**ABSOLUTE EXCLUSION – FIREARMS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or "suit" regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any other sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

(1)  The prevention or suppression, or failure to prevent or suppress, any such act or incident;
(2)  The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any "employee" independent contractor, or any other person or organization;
. . . .

(Doc. #1-3, p. 61.)[2]

---

[2] The Policies also included an endorsement labeled "EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION," however, since the Court grants summary

Kinsale brought the instant action seeking declaratory judgment that it has no duty to defend either Harlem Gardens or Services-Taylor and no duty to indemnify for any damages in the underlying action.  Kinsale brought the action against Harlem Gardens, Services-Taylor, and Adams, as personal representative.

Adams, as personal representative, failed to respond to the Complaint after being served and the Clerk entered default against her on August 27, 2025.  On February 10, 2026, Services-Taylor stipulated that "there is no coverage under the Kinsale Policies for the incident alleged in the Underlying Action" as to Services-Taylor.  (Doc. #33, ¶ 6.)  Kinsale now seeks summary judgment against Harlem Gardens and final default judgment against Adams, as personal representative.

**II.**

Harlem Gardens's Response in Opposition (Doc. #40) only raises two arguments: (1) the Court lacks subject-matter jurisdiction over the dispute; and (2) Kinsale lacks standing under Article III of the U.S. Constitution.  (Doc. #40, pp. 1-2.)  It is well-established law that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by

---

judgment based upon the Firearms Exclusion, it is not relevant for the instant motion.  (Doc. #1-3, p. 70.)

Constitution and statute. . ..″   See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(internal citations omitted).   Where a Court lacks subject-matter jurisdiction or a party lacks standing, the Court cannot hear the case.   See id.; Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).

   **A.   Diversity Jurisdiction Exists**

   Harlem Gardens argues Kinsale failed to identify or assert facts and evidence demonstrating the amount in controversy exceeds $75,000.   (Doc. #40, p. 5.)   Kinsale responds that since it is seeking declaratory relief, the amount in controversy will be the "monetary value of the object from the plaintiff's perspective." (Doc.#43, p. 5.)   According to Kinsale, the monetary value of the object —potential liability in the wrongful death action and attorneys' fees— exceeds $75,000.   (Id. at pp. 7-8.)   The Court agrees with Kinsale.

   For a district court to have diversity jurisdiction over a case, the action must be between "citizens of different States" and the amount in controversy must exceed $75,000 excluding interests and costs.   See 28 U.S.C. §§ 1332(a)-(b).   In a "factual attack" a district court may consider extrinsic evidence and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."   See Hakki v. Sec'y, Dep't of Veterans Affs., 7 F.4th 1012, 1023 (11th Cir. 2021)(quoting Kennedy

v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021)). Where, as here, the case is a declaratory judgment action the amount in controversy is "the value of the object of the litigation measured from the plaintiff's perspective." See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)(internal quotation marks omitted)(quoting Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir. 1997)).

Kinsale readily meets its burden of showing the amount in controversy exceeds $75,000. Along with extrinsic evidence, the Court can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings and is not required to "suspend reality or shelve common sense" to determine whether the amount in controversy is established. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010)(quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 770 (11th Cir. 2010)). Here, the insurance policies have a $6,000,000 limit. By combining the potential liability in the underlying wrongful death action with the current attorneys' fees of $16,328.75 and future attorneys' fees, the jurisdictional

amount is likely satisfied.[3]   Therefore, the Court is satisfied that subject-matter jurisdiction exists.

### B.   Kinsale Has Standing to Sue

Next, Harlem Gardens argues Kinsale lacks standing to sue because it fails to show "a likelihood of any future injury." (Doc. #40, p. 9.)  More specifically, Harlem Gardens contends that if the Policies exclude coverage as detailed by Kinsale, then the duty to defend Harlem Gardens has not arisen.  (Id. at p. 10.) Kinsale responds that the action is "obviously ripe" as a "justiciable controversy over [an insurer's] duty to defend ar[ises] once a complaint was filed in the underlying action [sic]."  (Doc. #43, pp. 4-5 (quoting Depositors Ins. Co. v. BGW Design, Ltd., Inc., No. 17-23885-Civ-WILLIAMS/TORRES, 2018 WL 1830806, at *3 (S.D. Fla. Feb. 28, 2018)).  The Court agrees with Kinsale.

Federal courts can only adjudicate actual ongoing cases or controversies.  See Flanigan's Enters., Inc. v. City of Sandy Springs, 868 F.3d 1248, 1255 (11th Cir. 2017)(en banc)(quoting

---

[3] Harlem Gardens's argument that the complaint in the underlying state action "very clearly affirm[s] that [Kinsale] has alleged no amount in controversy which exceeds $75,000.00" is unpersuasive.  (Doc. #40, p. 6.)  The complaint filed in the underlying state action states that damages exceed that courts $50,000 minimum jurisdictional amount.  (Doc. #1-2, p. 7.)  The allegation does not mean the damages are limited to $50,000 across both counts like Harlem Gardens suggests.

Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)), abrogated on other grounds by, Uzuegbunam v. Preczewski, 592 U.S. 279 (2021). Where the case arises under the Declaratory Judgment Act, "the threshold question is whether a justiciable controversy exists." See Progressive Mountain Ins. Co. v. Middlebrooks, 805 F. App'x 731, 733 (11th Cir. 2020)(quoting Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995)).  The controversy must be "definite and concrete, touching the legal relations of the parties having adverse legal interests."  See U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991)(citation and quotation omitted).  In other words, a plaintiff must show he has "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision."  See Bennett v. Spear, 520 U.S. 154, 162 (1997)(citations omitted).

A justiciable controversy exists.  Kinsale provides both primary and excess commercial general liability insurance to Harlem Gardens for bodily injuries suffered at Harlem Gardens. Regardless of whether there is an absolute exclusion, the Policies state they provide coverage for bodily injury "caused by an 'occurrence' that takes place in the 'coverage territory[.]'" (Doc. #1-3, p. 8.)  Since Johnson suffered from a bodily injury

-8-

while at Harlem Gardens — the covered property — the lawsuit could fairly and potentially be brought within the policy's coverage. See Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442-43 (Fla. 2005)(per curiam)(stating that the duty to defend is triggered when the complaint alleges facts that could fairly and potentially bring the suit within the policy's coverage).  But Kinsale will only have no duty to defend if it prevails in this action. Therefore, the controversy is ripe and Kinsale has standing.[4]

### III.

"Summary judgment is appropriate where the evidence 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Mendoza v. Sec'y, Dep't of Homeland Sec., 851 F.3d 1348, 1352 (11th Cir. 2017)(quoting Fed. R. Civ. P. 56(a)).  "An issue of fact is material if it has the potential to affect the resolution of the case under the applicable legal principles.  And a fact is genuinely in dispute if, taking the record as a whole, a rational trier of fact could find in favor of the nonmoving party."  Athos

---

[4] Harlem Gardens directs the Court's attention to Sullivan v. Everett Cash Mutual Insurance Co. to argue that the claim is not ripe where there is no adverse ruling in the underlying action.  See No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023).  While true, that is only applicable when dealing with the duty to indemnify — as the court in Sullivan was — which is separate and distinct from the duty to defend. Id.

Overseas Ltd. Corp. v. YouTube, Inc., 162 F.4th 1330, 1336-37 (11th Cir. 2026)(citations omitted).  In ruling on a motion for summary judgment, a court views all evidence and draws all reasonable inferences in favor of the non-movant.  See Scott v. Harris, 550 U.S. 372, 378 (2007); VHV Jewelers, LLC v. Wolf, 17 F.4th 109, 114 (11th Cir. 2021).

**A.    Kinsale is Entitled to Summary Judgment for Counts I and III**

Under Florida Law, "an insurer's duty to defend is separate and distinct from its duty to indemnify."  See Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., 601 F.3d 1143, 1148-49 (11th Cir. 2010)(quoting First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co., 695 So. 2d 475, 476 (Fla. 3d DCA 1997)).  To determine whether an insurer has a duty to defend, the court examines the allegations in the underlying complaint filed against the insured.  See id. Where the "allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured."  See Mid-Continent Cas. Co v. Adams Homes of Nw. Fla., Inc., 725 F. App'x 777, 780 (11th Cir. 2018)(quoting Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co., 980 F.2d 1402, 1405 (11th Cir. 1993)).

The Policies are unambiguous in their absolute exclusion for "any claim or suit arising directly or indirectly out of, related

-10-

to, or in any way involving the use of any firearm . . .."   (Doc. #1-3, p. 61).   The phrase "arising directly or indirectly out of" includes "incident to," which is much broader than "caused by." See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 539-40 (Fla. 2005)   Since the claim arises out of the use of a firearm, as Johnson died from gunshot wounds inflicted at Harlem Gardens, the Policies provide no coverage.   (Doc. #1-2, ¶¶ 19, 23, 35.)   Accordingly, Kinsale is entitled to summary judgment as to Counts I and III.[5]   See, e.g., Seneca Specialty Ins. Co. v. 845 N., Inc., No. 3:14-cv-922-J-34PDB, 2015 WL 3400415, at *3-4 (M.D. Fla. May 26, 2015)(granting summary judgment that a weapons exclusion precluded a duty to defend where the underlying action was based on alleged shootings); AIX Specialty Ins. Co. v. Sombreros, LLC, No. 8:17-cv-843-T-26TBM, 2018 WL 1635643, at *6-7 (M.D. Fla. Apr. 5, 2018)(granting summary judgment that the firearms exclusion precluded a duty to defend where underlying action based on injuries caused "directly by gunshots and indirectly by trampling in the melee that followed the shots").

---

[5] Since there is no duty to defend, there is also no duty to indemnify. See Travelers Indem. Co. of Conn. v. Richard McKenzie & Sons, Inc., 10 F.4th 1255, 1263 (11th Cir. 2021)(citing Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So. 2d 419, 422 (Fla. 3d DCA 1995)).

### B.    Kinsale is Entitled to Default Judgment

After the Clerk enters a party's default, the party "must apply to the court" to obtain default judgment where the claim is not for a sum certain.  Fed. R. Civ. P. 55(b)(2).  A court may enter default judgment against a party who has failed to respond to a complaint where the complaint provides a sufficient basis for the judgment.  See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015).  A "sufficient basis" is "akin to . . . surviv[ing] a motion to dismiss for failure to state a claim." Id. (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)).  A defendant, by their default, admits the plaintiff's well-pleaded allegations of fact outlined in the operative complaint.  See id. (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)).

Kinsale is entitled to default judgment against Adams, as personal representative, because there is sufficient basis for a declaratory judgment that Kinsale owes no duty to indemnify Harlem Gardens.  As discussed above, the Firearm Exclusion precludes Kinsale's duty to defend Harlem Gardens and therefore precludes Kinsale's duty to indemnify Harlem Gardens in the underlying state action.  Therefore, Kinsale is entitled to a default judgment against Adams, as personal representative, that Kinsale has no duty to indemnify Harlem Gardens.

-12-

**IV.**

Kinsale and Services-Taylor seek to dismiss Services-Taylor with prejudice under Federal Rule of Civil Procedure 41(a)(2) after failing to obtain all parties' signatures to dismiss Services-Taylor under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  A court has "discretion to dismiss the case through an order and to specify the terms of that dismissal."  See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012).  The Court exercises its discretion to dismiss Services-Taylor with prejudice given the stipulation of no coverage between Kinsale and Services-Taylor.  Therefore, Kinsale and Services-Taylor's Joint Motion to Dismiss a Single Defendant with Prejudice is granted.

Accordingly, it is now

**ORDERED:**

(1)  Plaintiff Kinsale Insurance Company's Revised Motion for Final Summary Judgment and Motion for Default Judgment (Doc. #39) is **GRANTED IN PART AND DENIED IN PART.** Summary Judgment is granted as to Counts I and III in favor of Plaintiff Kinsale Insurance Company and against Defendant Harlem Tenants Association, Inc.  Counts II and IV are **DISMISSED WITHOUT PREJUDICE** as to Harlem Tenants Association, Inc. and Tameika Adams, as Personal Representative of the Estate of Ja'Yhanna Johnson.

-13-

Plaintiff's Motion for Default Judgment is **GRANTED** to the extent that Plaintiff Kinsale Insurance Company is entitled to declaratory judgment against Defendant Tameika Adams, as Personal Representative of the Estate of Ja'Yhanna Johnson as to Counts I and III.

(2) Plaintiff Kinsale Insurance Company and Defendant Services-Taylor Made, Inc.'s Joint Motion to Dismiss a Single Defendant with Prejudice (Doc. #35) is **GRANTED.**

(3) Judgment will be entered in favor of Plaintiff Kinsale Insurance Company and against Defendant Harlem Tenants Association, Inc. declaring Kinsale Insurance Company owes neither a duty to defend nor a duty to indemnify Harlem Tenants Association, Inc. in the underlying state action titled <u>Tameika Adams, as the Personal Representative of the Estate of Ja'Yhanna Johnson v. Harlem Tenants Association, Inc. d/b/a Harlem Gardens Apartments</u>, due to the absolute Firearms Exclusion in the primary and excess insurance policies.

(4) Default Judgment will be entered in favor of Plaintiff Kinsale Insurance Company and against Defendant Tameika Adams, as Personal Representative of the Estate of Ja'Yhanna Johnson, declaring Kinsale Insurance Company owes no duty to indemnify Harlem Tenants Association,

-14-

Inc. in the underlying state action titled <u>Tameika Adams, as the Personal Representative of the Estate of Ja'Yhanna Johnson v. Harlem Tenants Association, Inc. d/b/a Harlem Gardens Apartments</u>, due to the absolute Firearms Exclusion in the primary and excess insurance policies.

(5) The Clerk shall enter judgment accordingly and dismissing Services-Taylor Made, Inc. with prejudice, terminate all pending deadlines, and close the case. Any motion for entitlement to attorney's fees may be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-15-